**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

JANICE CHRISTINA KAIN,

      Defendant - Appellant.

No. 97-6207

(W.D. Oklahoma)
(D.C. No. CR-96-178-L)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY,** and **HENRY**, Circuit Judges.

    Janice Kain appeals her convictions for mail fraud, bank fraud, and money laundering following a jury trial, arguing that there is insufficient evidence to support the jury's verdict. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. We order the case submitted without oral argument, exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

BACKGROUND

In an indictment filed in November 1996, the government charged Ms. Kain with ten counts of mail fraud (violations of 18 U.S.C. § 1341)), two counts of bank fraud (violations of 18 U.S.C. § 1344(2)), and three counts of money laundering (violations of 18 U.S.C. § 1956(a)(1)(B)(i)). Ms. Kain entered a plea of not guilty, and the case proceeded to trial.

The evidence presented at trial indicated that Ms. Kain served as treasurer of the First Church of Christ Scientist in Nichols Hills, Oklahoma from 1986 to 1995. In that position, Ms. Kain was responsible for managing church funds and paying church expenses as authorized by the church's governing board.

In June 1989, the board granted Ms. Kain's request to change the church's bank accounts. Ms. Kain then opened a new account for the church at Nichols Hills Bank in Oklahoma City. However, she left open the church's account at Liberty Bank in Oklahoma City. She directed Liberty Bank to send account statements to a post office box that she had opened without informing church officials.

Ms. Kain then used the account at Liberty Bank to pay a variety of personal expenses, including rent and utility and telephone bills for her personal residence and expenses incurred on family vacations. Ms. Kain was not authorized to use church funds in this manner. Additionally, in 1994, Ms. Kain

2

deposited two checks written on a church bank account into her personal account at the Bank of Oklahoma in Oklahoma City. These checks listed Ms. Kain's son as the payee, even though the church's governing board had not authorized payments to him. Moreover, Ms. Kain's son's signature endorsing the checks had been forged.

The government's theory of the case was that, by directing the statements for the Liberty Bank account to be mailed to her post office box without informing church officials, Ms. Kain used the mails to further her scheme to defraud the church. The government also argued that by depositing into her personal account the unauthorized checks drawn on a church account and containing forged endorsements, Ms. Kain committed bank fraud under 18 U.S.C. § 1344(2). Finally, the government contended that by depositing proceeds of her mail fraud scheme into her personal account, Ms. Kain sought to conceal evidence of her unlawful activity, thereby violating 18 U.S.C. § 1956(a)(1)(B)(i).

At trial, Ms. Kain acknowledged that she had used church funds to pay unauthorized personal expenses. However, she argued, the government failed to prove that she had violated the federal mail fraud, bank fraud, and money laundering statutes. According to Ms. Kain, the mailing of the bank statements to her personal post office box did not further her plan to defraud the church.

3

She also argued that because she had not intended to defraud the banks at which the church held accounts, she did not violate the bank fraud statute. Finally, she contended, because a money laundering violation involves the concealing of the proceeds of unlawful activity and because she did not commit the alleged unlawful activity (mail fraud), there was insufficient evidence to support the money-laundering counts.

DISCUSSION

In assessing a challenge to the sufficiency of the evidence, we examine the record in the light most favorable to the government, determining whether the evidence and all reasonable inferences therefrom can support a finding of guilt beyond a reasonable doubt. United States v. Wacker, 72 F.3d 1453, 1462 (10th Cir. 1995). We may overturn a conviction "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 1462-63.

In challenging the sufficiency of the evidence in this appeal, Ms. Kain argues that her use of the personal post office box to receive the bank statements for the church accounts did not constitute mail fraud because the church authorized her to receive financial documents in her capacity as treasurer. See Aplt's Br. at 9. Ms. Kain's argument ignores the evidence presented by the

4

government indicating that church officials did not know that she continued to maintain the church account at Liberty Bank after she opened the account at Nichols Hills Bank and that her use of the post office box allowed her to conceal her unauthorized withdrawals from the Liberty Bank accounts. This evidence is sufficient to establish the elements of mail fraud: "(1) the devising of a scheme or artifice either (a) to defraud or (b) for obtaining money by means of false or fraudulent pretenses, representations, or promises, (2) the specific intent to defraud, and (3) the use of the United States mails to execute the scheme." United States v. Kennedy, 64 F.3d 1465, 1475 (10th Cir. 1995).

Ms. Kain advances a similar argument regarding the two bank fraud counts. She contends that her position as treasurer gave her the authority to issue checks from the church accounts, that her "subsequent conversion of money was beyond the cognizance of the banks," and that, as a result, this conversion did not constitute bank fraud under § 18 U.S.C. § 1344(2). See Aplt's Br. at 7. We disagree.

In order to establish a bank fraud violation under § 1344(2), the government must establish that the defendant executed or attempted to execute a "scheme or artifice-- . . . to obtain . . . funds . . . owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." See 18 U.S.C. § 1344(2); United States v. Sapp,

5

53 F.3d 1100, 1102-03 (10th Cir. 1995). This circuit has concluded that a defendant's misrepresentation to a bank that he or she is authorized to engage in a particular transaction may constitute a violation of § 1344(2). See United States v. Young, 952 F.2d 1252, 1257 (10th Cir. 1991). Depositing a check that is known to contain a forged endorsement may constitute a misrepresentation sufficient to support a bank fraud conviction under § 1344(2). See United States v. Lemons, 941 F.2d 309, 315-16 (5th Cir. 1991).

Here, viewing the evidence in the light most favorable to the government, the jury could reasonably conclude that Ms. Kain deposited checks written on church bank accounts into her personal bank account when she knew that the checks contained forged endorsements. The evidence is therefore sufficient to support Ms. Kain's bank fraud convictions under § 1344(2).

Finally, Ms. Kain challenges her money laundering convictions under 18 U.S.C. § 1956(a)(1)(B)(i). In order to establish a violation of this statute, the government must prove beyond a reasonable doubt that: (1) the defendant engaged in a financial transaction; (2) the defendant knew that the property involved in the transaction represented the proceeds of his or her unlawful activities; (3) the property did in fact constitute the proceeds of the unlawful activities; and (4) the defendant knew that the transaction was designed in whole or in part to conceal the nature, source, ownership or control of the proceeds of

6

the specified unlawful activities.  <u>United States v. Garcia-Emanuel</u>, 14 F.3d 1469, 1473 (10th Cir. 1994).  Because there is insufficient evidence to support the mail fraud convictions, Ms. Kain contends, there is insufficient evidence of the unlawful activity necessary to support the money laundering convictions.

We conclude that because the evidence is sufficient to support Ms. Kain's mail fraud convictions, her challenge to the money laundering convictions must also fail. The evidence presented by the government is sufficient for a rational juror to conclude that Ms. Kain deposited funds from the church accounts into her personal accounts in order to conceal the proceeds of her mail fraud scheme, thereby violating § 1956(a)(1)(B)(i).

Accordingly, we affirm the judgment of the district court.

Entered for the Court,

Robert H. Henry
Circuit Judge